UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

GENTEX PHARMA, LLC                                                    PLAINTIFF

Vs.                          CIVIL ACTION NO. 3:19-cv-645-DCB-RPM

GLYCOBIOSCIENCES, INC.,

KEVIN DRIZEN, JOHN DOES 1-5                                          DEFENDANTS

SHOW CAUSE ORDER and ORDER DENYING DRIZEN'S MOTION TO DISMISS

This matter is before the Court on Defendants Kevin Drizen ("Drizen")'s and Glycobiosciences, Inc. ("Glyco")'s Motion to Dismiss, or in the Alternative, Stay Pending Arbitration. [ECF No. 13]. Having read the motion, response thereto, memoranda, applicable statutory and case law, the Court finds as follows:

Background

Plaintiff has filed suit in this Court against Kevin Drizen ("Drizen") and Glycobioscience, Inc ("Glyco") alleging (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) tortious interference with a business relationship, and (4) fraud, and requests specific performance, and injunctive relief. [ECF No. 1]. Defendants Glyco and Drizen have moved to dismiss based on (1) mootness, (2) lack of personal jurisdiction over Drizen, and (3) failure to state a claim as to Drizen. In the alternative, Defendants move to stay pending arbitration. Gentex has responded to the Defendants' Motion claiming that Glyco has

1

waived arbitration by filing a subsequent lawsuit in Canada. On August 21, 2020, the Court asked Gentex to Show Cause as to how it has been prejudiced by the Canadian lawsuit. [ECF No. 16].

In Canada, Glyco filed a lawsuit in the Superior Justice Court of Ontario ("Ontario Action") against Gentex alleging (1) breach of contract, (2) unlawful interference in contractual relations, and (3) negligent and fraudulent misrepresentation. Glyco is asking for special damages and punitive damages. [ECF No. 15, Exhibit D]. Gentex has answered the Ontario Action with a Motion to Dismiss pursuant to an arbitration agreement between Gentex and Glyco. [ECF No. 13, Exhibit F]. The Ontario Action is currently suspended due to the COVID-19 pandemic. [ECF No. 20 at p. 8].

## Discussion

Mootness

Glyco moves to dismiss this action claiming it is moot. "If a dispute has been settled or resolved, or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." In re S.L.E., Inc., 674 F.2d 359, 364 (5th Cir.1982). Defendants assert that the current litigation is moot in light of a 2020 agreement ("2020 Agreement") between the Parties. The 2020 Agreement does not contain release language nor does it mention the current litigation. "A case is not moot so long as any claim for relief remains viable, whether that claim

2

was the primary or secondary relief originally sought." Matter of Commonwealth Oil Ref. Co., Inc., 805 F.2d 1175, 1181 (5th Cir. 1986)(internal citation omitted). The 2020 Agreement does not moot the current controversy.

Arbitration

The Federal Arbitration Act ("FAA"), 9 U.S.C. 1 et seq., governs the arbitration clause in the 2018 Agreement between Gentex and Glyco. "The FAA provides for district courts to stay legal proceedings on issues referable to arbitration, 9 U.S.C. 3, and empowers the courts to compel arbitration of arbitrable issues 9 U.S.C. 4." Century Satellite, Inc. v. Echostar Satellite, L.L.C., 395 F. Supp. 2d 487, 490 (S.D. Tex. 2005) (quoting Hartford Lloyd's Ins. Co. v. Teachworth, 898 F. 2d 1058, 1061 (5th Cir. 1990)). If there is a valid arbitration agreement, the "parties must proceed to arbitration on those claims without a judicial determination on the merits thereof." Century Satellite, Inc. v. Echostar Satellite, L.L.C., 395 F.Supp.2d 487, 490 (S.D. Tex. 2005). Here, the issue is whether the arbitration agreement between Gentex and Glyco has been waived. "Because of the strong federal policy favoring arbitration, the party opposing arbitration has the burden of establishing any alleged defenses to the enforcement of the arbitration provision." Byars v. Asbury Mgmt. Servs., LLC, No. 3:19-CV-660-DCB-JCG, 2020 WL 127989, at *2 (S.D. Miss. Jan. 10,

2020). Gentex asserts that Glyco has waived the right to arbitrate by filing a subsequent lawsuit, the Ontario Action. [ECF No. 16].

"The right to arbitrate a dispute, like all contractual rights, is subject to waiver." Nicholas v. KBR, Inc., 565 F.3d 904, 907 (5th Cir. 2009). However, a waiver of arbitration is disfavored. Id. Merely invoking the judicial process does not result in a waiver. To determine whether there was a waiver, courts must determine whether the party seeking arbitration substantially invoked the judicial process to the detriment or prejudice of the other party. Id. Prejudice refers to delay, expense, or damage to a party's legal position. Forby v. One Techs., L.P., 909 F.3d 780, 785 (5th Cir. 2018).

Glyco substantially invoked the judicial process when it filed suit against Gentex in the Ontario Action. However, the Court is not persuaded that Gentex suffered prejudice. Gentex argues (1) delay and (2) added expense associated with the Ontario Action has caused prejudice. [ECF No. 21].

Delay in the Ontario Action is due in part to the current COVID-19 global pandemic, "all proceedings in the Superior Court of Justice of Ontario, Canada, were suspended due to the COVID-19 global pandemic." [ECF No. 20 at p.8]. The Parties elected in writing not to proceed with the hearing by videoconference. [ECF. No.20, Exhibit 6]. Mere delay is not a basis for prejudice, delay

4

must cause loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. See Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000); Ingram v. Chatawa Mgmt. Co., Inc., No. 5:18-CV-40-DCB-MTP, 2018 WL 4517467, at *1 (S.D. Miss. Sept. 20, 2018).

The Fifth Circuit has upheld an arbitration clause even though the defendant participated in discovery and waited eight months after the commencement of the lawsuit to invoke its right to arbitration. Tenneco Resins, Inc. v. Davy Int's, AG, 770 F 2d 416, 421 (5th Cir. 1985). The Fifth Circuit noted that "when only a minimal amount of discovery has been conducted . . . the court should not ordinarily infer waiver based upon prejudice." Id. at 421. Similar to Tenneco, the Parties have engaged in minimal discovery consisting of a request to inspect documents and a demand for particulars. [ECF No. 20]. Gentex has not been prejudiced by the delay in the Ontario Action.

The purpose of arbitration is to avoid the expense of litigation. Nicholas, 565 F. 3d at 907. The time and expense Gentex has spent thus far in the Ontario Action is time and expense spent dealing with elementary matters that occur after a complaint is filed: dealing with motions to dismiss and answers to the complaint. The Defendants have incurred similar expenses in this

5

litigation. Consequently, this Court concludes that Gentex has not shown prejudice.

On September 4, 2018, the Parties (Gentex and Glyco) formed an agreement ("the 2018 Agreement") that includes the following arbitration clause:

> The Parties hereby voluntarily release one another regarding all issues raised in, or that could have been raised in, the Canadian action and/or the Arbitration. Going forward, the Parties voluntarily waive their right to litigate between themselves or relating in any way to the subject matter of this Agreement. The Parties agree that should any dispute arise between them or relating in any way to the subject matter of this Agreement, the sole remedy for said disputes is arbitration venued in Madison, Mississippi. Mississippi law shall govern all disputes regardless of choice of laws principles.

[ECF No. 13, Exhibit B]. By advancing the position in the Ontario Action that the claims were <u>subject to the mandatory and exclusive arbitration agreement</u> – after filing this action in federal court – Gentex recognized the validity of the arbitration agreement. [ECF No. 13, Exhibit F]. The Court is unclear as to why Gentex and Glyco should not arbitrate this Mississippi case pursuant to the 2018 Agreement. The Parties are Ordered to SHOW CAUSE as to why this Mississippi case should not be submitted to arbitration.

<u>Personal Jurisdiction Over Drizen</u>

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of establishing jurisdiction but is required to present only prima

6

facie evidence." Pervasive Software Inc. v. Lexware GmbH & CO. KG, 688 F. 3d 214, 219 (5th Cir. 2012) (quoting Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir.2006)); Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir.2006).

Personal jurisdiction requires: (1) the defendant be subject to the Mississippi long-arm statute; and (2) due process be satisfied under the fourteenth amendment of the United States Constitution. ITL Int'l, Inc. v. Constenla, 669 F.3d 493, 497 (5th Cir.2012). Mississippi's long-arm statute authorizes jurisdiction over:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code § 13-3-57. Mississippi courts interpret this statute as "three activities" which will permit Mississippi courts to exercise personal jurisdiction over a nonresident defendant: "(1) if that person has entered into a contract to be performed in Mississippi; (2) has committed a tort in Mississippi; or, (3) is conducting business in Mississippi." Dunn v. Yager, 58 So.3d 1171, 1184 (Miss. 2011) (quoting Yatham v. Young, 912 So.2d 467, 469-70

7

(Miss. 2005)); see also Miss. Code § 13-3-57. "The three prongs of the long-arm statute are commonly referred to as the contract prong, the tort prong, and the doing-business prong." ITL Int'l, Inc. 669 F.3d at 497.

Gentex asserts that Drizen, a Canadian resident, is amenable to the personal jurisdiction of Mississippi courts under the tort prong. [ECF No. 16]. Although Drizen claims he has not visited Mississippi, personal jurisdiction is proper if any elements of the tort take place in Mississippi. Bally Gaming, Inc. v. Caldwell, 12 F. Supp. 3d 907, 911 (S.D. Miss 2014). Tortious interference requires: (1) intentional acts; (2) the acts were designed to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage, without justifiable cause; and (4) damages. Smith v. Antler Insanity, LLC, 58 F. Supp. 3d 716, 720-21 (S.D. Miss 2014) (citations omitted). "When determining whether a prima facie case for personal jurisdiction exists, a court must accept the uncontroverted allegations in the plaintiff's complaint as true, and all factual conflicts contained in the parties' affidavits must be resolved in favor of the plaintiff." Bally Gaming, Inc., 12 F. Supp. 3d at 911. The alleged damage has occurred in Mississippi, thus the Court finds Gentex's allegations are sufficient to establish a prima facie showing that the tortious interference claim was committed, at least in part, in Mississippi.

The Court next considers whether due process is satisfied under the Fourteenth Amendment of the U.S. Constitution. Due process permits jurisdiction over a nonresident defendant when: "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000). "Minimum contacts can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." Id. Here, Gentex alleges specific jurisdiction.

Specific jurisdiction is proper when the nonresident defendant has contacts with the forum state that arise out of, or are directly related, to the cause of action. Smith, 58 F. Supp. 3d at 721. Employees "are not to be judged according to their employer's activities . . . . On the other hand, their status as employees does not somehow insulate them from jurisdiction." Calder v. Jones, 465 U.S. 783, 790 (1984). There is not enough information before the Court at this time to determine whether or not Drizen, in his individual capacity, has sufficient minimum contacts with the forum state. Drizen's Motion to Dismiss for lack of personal jurisdiction is therefore DENIED.

Failure to State a Claim Against Drizen

9

Defendants assert that the Plaintiff has failed to state a claim against Drizen for which relief can be granted. When reviewing a 12(b)(6) motion under the Federal Rules of Civil Procedure, the Court must accept all factual allegations in a complaint as true and take them in a light favorable to the plaintiff. <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 554-555 (2007). The Plaintiff has satisfied this requirement by pleading short and plain statements of the claims against Drizen in the Complaint. [ECF No. 1].

Accordingly,

IT IS HEREBY ORDERED that Gentex and Glyco have fourteen days from the entry of this Order to show cause why this case should not be submitted to arbitration.

IT IS FURTHER ORDERED that Drizen's Motion to Dismiss is DENIED. The Court will reconsider Drizen's Motion to Dismiss for Lack of Personal Jurisdiction following discovery as to what his contacts with Mississippi have been.

SO ORDERED, this the 30th day of September, 2020.

                                               \s\ David Bramlette

                                               UNITED STATES DISTRICT JUDGE