UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

GENTEX PHARMA, LLC                                                    PLAINTIFF

Vs.                                    CIVIL ACTION NO. 3:19-cv-645-DCB-RPM

GLYCOBIOSCIENCES, INC.,

KEVIN DRIZEN, JOHN DOES 1-5                                          DEFENDANTS

Order

This matter is before the Court on Defendants Kevin Drizen ("Drizen") and Glycobiosciences, Inc. ("Glyco")'s Motion to Dismiss, or in the Alternative, Stay Pending Arbitration. [ECF No. 13]. Having read the motion, the responsive submissions of the parties, the record, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

Background

On September 4, 2018, Gentex and Glyco formed an agreement ("the 2018 Agreement") that includes the following arbitration clause:

> The Parties hereby voluntarily release one another regarding all issues raised in, or that could have been raised in, the Canadian action and/or the Arbitration. Going forward, the Parties voluntarily waive their right to litigate between themselves or relating in any way to the subject matter of this Agreement. The Parties agree that should any dispute arise between them or relating in any way to the subject matter of this Agreement, the sole remedy for said disputes is arbitration venued in Madison, Mississippi. Mississippi

1

      law shall govern all disputes regardless of choice of laws principles. The ADR Procedure is set forth more particularly in Paragraph 7.[1]

[ECF No. 13-2]. Drizen was not a party to the arbitration agreement and neither Gentex nor Glyco dispute that there is a valid arbitration agreement.[2]

      On September 9, 2019, Gentex filed suit in this Court against Drizen and Glyco alleging (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) tortious interference with a business relationship, and (4) fraud, and requests specific performance, and injunctive relief. [ECF No. 1]. Defendants Glyco and Drizen moved to dismiss based on (1) mootness, (2) lack of personal jurisdiction over Drizen, and (3) failure to state a claim as to Drizen. In the alternative, Glyco moves to stay pending arbitration. On September 30, 2020, the Court denied the motion as it pertained to Drizen and ordered Gentex and Glyco to show cause why this suit should not be submitted to arbitration. [ECF No. 26].

                                <u>Discussion</u>

---

[1] "The arbitrator shall be chosen by agreement of the parties and shall be paid equally by Gentex and Glyco. If the parties are unable to agree on an arbitrator, suit will be filed in the Circuit Court of Madison County, Mississippi, solely for the purpose of requesting the Court to appoint and arbitrator."

[2] Plaintiff admits it was willing to proceed to arbitration initially. [ECF No. 28] at 2.

There is a two-step analysis to determine whether parties should be compelled to arbitrate a dispute. Tittle v. Enron Corp., 463 F.3d 410, 418 (5th Cir. 2006). "First, a court must 'determine whether the parties agreed to arbitrate the dispute in question.'" Id. (quoting Webb v. Investacorp., Inc., 89 F.3d 252, 258 (5th Cir. 1996)). The second step involves the determination of "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." Tittle, 463 F.3d at 418 (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985)). Inasmuch as neither party disputes there is an arbitration agreement, the Court will only analyze the second step.

Plaintiff argues that Glyco rejected and waived the right to compel arbitration. [ECF No. 28]. In an email exchange, Kevin Drizen on behalf of Glyco stated ". . . why don't you just file the Arbitration, we will accept service by e-mail of an Arbitration, why should Glyco incur the expense of retaining counsel . . . we will not waive Arbitration." [ECF No. 34-2]. In response, Plaintiff's counsel stated "[o]nce you are served, I will file the requisite motion to stay and refer to arbitration as a joint motion if you want to go that route and do not wish to incur the cost. However, we believe it is important to have the court involved for the inevitable disputes that will arise such as choosing an arbitrator etc." [ECF No. 34-2]. Glyco reiterated that it prefers arbitration in order to avoid the cost of having to

3

hire local counsel. [ECF No. 34-3]. Plaintiff responded that in order to proceed to arbitration pursuant to their agreement "there would have to be an agreement to dismiss immediately both the US and Canadian actions." Id. The record indicates that at one point, both parties were willing to submit the case to arbitration; however, the parties disagree on how to proceed.

Plaintiff asserts that Glyco waived arbitration by filing a subsequent lawsuit in the Superior Justice Court of Ontario Canada ("Ontario Action"). While Plaintiff argues that Glyco waived arbitration in this Court, Gentex has advanced the position that there still is a valid and enforceable arbitration agreement in the Ontario Action. [ECF No. 28 and ECF No. 13-6]. "There is a well-settled rule in this circuit that waiver of arbitration is not a favored finding, and there is a presumption against it." See Steel Warehouse Co. v. Abalone Shipping Ltd. of Nicosai, 141 F.3d 234, 238 (5th Cir. 1998)(citing Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 496 (5th Circuit 1986)). To determine whether there was a waiver, the Court must determine whether the party seeking arbitration substantially invoked the judicial process to the detriment or prejudice of the other party. Nicholas v. KBR, Inc., 565 F.3d 904, 907 (5th Cir. 2009). This Court has previously found that Gentex has not been prejudiced by the delay in the Ontario Action and therefore the filing of the suit did not result in waiver. [ECF No. 26].

4

Plaintiff claims "[t]here can be no doubt that Defendants have caused a delay by filing their motion to dismiss and for arbitration." [ECF No. 28] at 5. Plaintiff further contends that Glyco's actions demonstrate a strategic defense[3] that is inconsistent with the right to arbitrate and that Gentex has been subjected to unnecessary legal fees in Mississippi; yet it was Plaintiff which initially filed this case. Id. at 5, 7. Glyco has merely responded to the claims against it and therefore Plaintiff has not been prejudiced. See Steel Warehouse, 141 F.3d 234.

"The FAA provides for district courts to stay legal proceedings on issues referable to arbitration, 9 U.S.C. 3, and empowers the courts to compel arbitration of arbitrable issues 9 U.S.C. 4." Century Satellite, Inc. v. Echostar Satellite, L.L.C., 395 F. Supp. 2d 487, 490 (S.D. Tex. 2005) (quoting Hartford Lloyd' Ins. Co. v. Teachworth, 898 F. 2d 1058, 1061 (5th Cir. 1990)). If there is a valid arbitration agreement, the "parties must proceed

---

[3] Plaintiff asserts this is a litigation strategy that Glyco routinely employs citing Ansell Healthcare Prod. LLC v. GlycoBioSciences Inc., No. CV 16-9254 (SDW), 2018 WL 1178043, at *3 (D.N.J. Jan. 26, 2018), report and recommendation adopted, No. CV169254SDWJBC, 2018 WL 1178268 (D.N.J. Mar. 6, 2018) and GlycoBioSciences, Inc. v. Nycomed US, Inc., No. 11-CV-1280 JS GRB, 2012 WL 540928, at *1 (E.D.N.Y. Feb. 15, 2012).

In Ansell Healthcare Products, LLC, Glyco moved to transfer venue to Canada. Glyco did not file a retaliatory complaint in the Superior Court of Ontario as Plaintiff alleges.

In GlycoBioSciences, Inc. v. Nycomed US, Inc., the Court dismissed the action finding that Glyco had filed a duplicative suit in the U.S. District Court, E.D. of New York seven days after Nycomed had filed suit in the U.S. District Court of New Jersey.

5

to arbitration on those claims without a judicial determination on the merits thereof." Century Satellite, Inc. 395 F.Supp.2d at 490. Inasmuch as there is a strong federal policy favoring arbitration, and neither party disputes the arbitration agreement, and upon finding there being no waiver, the Court will stay the proceeding while Gentex and Glyco proceed to arbitration.[4]

In Glyco's response to the Court's Order to Show Cause as to why this case should not be in arbitration, Glyco reasserts the issue of personal jurisdiction over Drizen and argues that discovery applicable to Drizen is unreasonable. The Court previously denied Drizen's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 26] and stated, "the Court will reconsider Drizen's Motion to Dismiss for Lack of Personal Jurisdiction following discovery as to what his contacts with Mississippi have been." Id. This argument is moot at this time.

The Court cannot compel a non-signatory to arbitrate disputes he did not agree to arbitrate. Nevertheless, a non-signatory may seek to enforce an arbitration agreement where the claims are so intertwined. Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.,

---

[4] Plaintiff has requested the Court prohibit Glyco from filing additional filings in the Ontario Action and any other court of law related to any cause of action that could be appropriately addressed in the arbitration proceeding. The Court is not willing to grant such relief at this time.

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." Alba v. Randle, No. 5:10-CV-49 DCB MTP, 2011 WL 1113866, at *1 (S.D. Miss. Mar. 28, 2011).

748 F.3d 249, 255 (5th Cir. 2014); Noble Real Estate, Inc. v. Seder, 101 So. 3d 197, 199 (Miss. Ct. App. 2012). Here, Drizen does not seek to arbitrate the claims brought against him. However, Drizen may be subject to the arbitration agreement if he is an affiliate under the terms of the 2015 Agreement. [ECF No. 13-1] at 5. At this time, there is not enough information for the Court to make this determination. The Court invites the Parties to submit additional information. Furthermore, the Parties may by agreement include Drizen in the arbitration.

Accordingly,

IT IS HEREBY ORDERED that Glyco's Motion to Dismiss or in the Alternative Motion to Stay Pending Arbitration [ECF No. 13], which the Court treats as a motion to stay pending arbitration is GRANTED. Gentex and Glyco are hereby ORDERED to arbitrate this matter pursuant to the 2018 Agreement [ECF No. 13-2].

IT IS FURTHER ORDERED that the Parties shall have ten (10) days from the date of entry of this Order to inform the Court of their positions regarding Kevin Drizen's participation in the arbitration.

SO ORDERED, this the 8th day of February, 2021.

/s/ David Bramlette
United States District Judge